IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY EARL WILLIAMS, (TDCJ-CID #759125) | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION H-11-1680 |
| RICK THALER, *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND OPINION

Rodney Earl Williams, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed this lawsuit in May 2011 against prison officials at the Ellis Unit. Though styled as a "Writ of Habeas Corpus Request and Demand for Jury," his pleading is properly construed as a civil rights complaint under 42 U.S.C. § 1983 because he alleges the denial of adequate medical care and retaliation. He names Billie Harris and Deleta Jones as defendants. (Docket Entry No. 1, Complaint, attachment 1, p. 1). Based on the review required by 21 U.S.C. § 1915, this court concludes that Williams is precluded by prior litigation from litigating these claims. Final judgment is entered by separate order. The reasons are stated below.

I.  **The Allegations in the Complaint**

Williams alleges that in November 2006, an optometrist prescribed special sunglasses for Williams, who is blind in the left eye. The glasses block ultraviolet rays. During a subsequent cell search, however, officers threw the sunglasses on the floor. Officers later told Williams that he could not wear the sunglasses without a medical pass. Williams received a 90-day medical pass to wear the glasses on January 11, 2008. He alleges that on June 12, 2008, Officer Deleta Jones and

Officer Billie Harris confiscated the sunglasses and his medical pass. Williams avoided going outside for 45 days because he did not have his sunglasses. Williams alleges that as a result of not having his sunglasses, he had headaches, blurred vision, mental anguish, and crying spells. He seeks $40,000.00 in compensatory damages and $40,000.00 in punitive damages.

## II. The Standard of Review

A district court may dismiss a prisoner's IFP § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. Under 28 U.S.C. § 1915(e)(2)(B)(i), the court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). The court may dismiss the claim "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). The Fifth Circuit reviews such dismissals for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III. Analysis

Williams is attempting to refile an action he filed in state court under Cause Number 24604.[1] (Docket Entry No. 1, Complaint, attachment 1, p. 1). He explains that he had filed a civil rights lawsuit in the 12th Judicial District Court of Walker County, Texas on March 16, 2009. He amended his complaint in the state court suit in November 2010. He explains that on March 31, 2011, the state court judge dismissed the lawsuit because it was untimely. Through telephone inquiry, the court has obtained copies of the complaint and the dismissal order. The court takes judicial notice of these documents. The issue is whether the dismissal of the prior state court lawsuit bars this suit.

Williams filed this federal civil rights action on May 2, 2010. More than one year earlier, on March 16, 2009, Williams filed a nearly identical complaint in the 12th Judicial District Court of Walker County, Texas, Cause Number 24604. In his state lawsuit, Williams sued Billie Harris and Deleta Jones. Williams complained of the denial of adequate medical care stemming from the confiscation of his tinted glasses and retaliation. He complained that his medically-issued sunglasses were confiscated in November 2006. In that lawsuit, Williams complained that the defendants violated various Texas statutes. On March 31, 2011, the state court dismissed the entire action as barred by the statute of limitations.

A court may raise and consider preclusion on its own. *Arizona v. California,* 530 U.S. 392, 412-13 (2000); *see also Doe v. Pfrommer,* 148 F.3d 73, 80 (2d Cir. 1998). If a court is on notice that the claims or issues have already been decided, the court may dismiss the second action on its own.

---

[1] In Civil Action Number 4:11-1221, Williams sought to transfer his civil action from the 12th Judicial District Court of Walker County, Texas to the Southern District of Texas. On April 8, 2011, this court determined that Williams had no statutory right to remove his own case to federal court. Because Williams's claims were pending in state court, this court declined, in the interest of comity, to consider his request for injunctive relief and dismissed the case without prejudice.

"[W]here all of the relevant facts are contained in the record before us and all are uncontroverted, we may not ignore their legal effect, nor may we decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite our attention by technically correct and exact pleadings." *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (quoting *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. Unit A Mar. 1981)). All of the relevant facts in this case are contained in the record before this court, and they are uncontroverted.

Preclusion encompasses claim preclusion and issue preclusion. *Test Masters Educ. Servs. Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Claim preclusion bars relitigation of causes of action that either have been litigated or should have been litigated in an earlier suit. The test for claim preclusion has four elements: (1) the parties are identical or in privity; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). The critical issue is whether the two actions are based on the "same nucleus of operative facts." *N. Y. Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000). Williams's current lawsuit and his prior state lawsuit are both based on events that took place while he was confined in the TDCJ-CID. The operative facts of the two actions are the same. Therefore his current action is estopped by the doctrine of claim preclusion. The following elements for applying issue preclusion are:

> (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action.

*Petro-Hunt, L.L.C. v. United States,* 365 F.3d 385, 397 (5th Cir. 2004) (footnotes and citation omitted). Issue preclusion may apply even if the claims and the subject matter of the suits differ. *Next Level Commc'ns LP v. DSC Commc'ns Corp.,* 179 F.3d 244, 250 (5th Cir. 1999) (citation omitted). In addition, "'[u]nlike claim preclusion, the doctrine of issue preclusion may not always require complete identity of the parties.'" *Id.* (alteration in original) (quoting *Meza v. Gen. Battery Corp.,* 908 F.2d 1262, 1273 (5th Cir. 1990)).

The preclusive effect of a prior proceeding is a question of law. *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 868 (5th Cir. 2000). If a state court issued the previous judgment, the court must look to the law of that state to determine the preclusive effect of the prior judgment. *In re Grober,* 100 F.3d 1195, 1201 (5th Cir. 1996). Under Texas law, issue preclusion applies when an issue decided in the first action is actually litigated, essential to the prior judgment, and identical to an issue in a pending action. It applies when the party against whom it is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Tex. Dep't of Pub. Safety v. Petta,* 44 S.W.3d 575, 579 (Tex. 2001).

Williams's claims of denial of medical care and retaliation satisfy the elements of issue preclusion. The parties in both suits are identical and were adversaries in the first action. The factual basis of these claims was fully and fairly litigated in the state lawsuit. The statement of facts in Williams's state-court original petition is nearly identical to his complaint in the instant civil action. By his own admission, Williams seeks to refile his state lawsuit in this court. The state trial court found that Williams's civil rights claims were time-barred. That finding was essential to the final judgment entered in the Texas state court. Williams's civil rights claims stemming from the denial of medical care and retaliation are barred by issue as well as claim preclusion.

## IV.    Conclusion

Williams motion to proceed *in forma pauperis*, (Docket Entry No. 2), is granted. The complaint is dismissed. Williams's motion for injunctive relief, (Docket Entry No. 3), is denied. Any remaining pending motions are denied as moot.

The TDCJ-CID must deduct twenty percent of each deposit made to Williams's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to the parties and to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159.

SIGNED on May 6, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge